IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 14-2202**-CBS

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

**v.**

**HUNT BUILDING CO., LTD,**

       **Defendant.**

**STIPULATION AND ORDER BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND DEFENDANT HUNT BUILDING CO., LTD**

WHEREAS, Plaintiff United States of America, on behalf of the United States Environmental Protection Agency ("EPA"), has filed a complaint in this action ("Complaint") pursuant to Sections 309(b) and (d) of the Federal Water Pollution Control Act, as amended by the Clean Water Act of 1977 and the Water Quality Act of 1987 (the "Clean Water Act" or "CWA"), 33 U.S.C. §§ 1319(b) and (d), alleging that Defendant Hunt Building Co., Ltd. ("Hunt Building") failed to comply with the terms and conditions of its National Pollutant Discharge Elimination System ("NPDES") permit issued pursuant to Section 402 of the CWA, 33 U.S.C. § 1342, and for violations of administrative orders issued pursuant to Section 309(a) of the CWA, 33 U.S.C. § 1319(a);

1

WHEREAS, from approximately December 10, 2007 through January 26, 2010, Hunt Building engaged in demolition, construction, remodeling and/or renovation work, resulting in the disturbance of at least 350 acres, at two housing areas known as Pine Valley and Douglass Valley (collectively, "Sites"), located on the United States Air Force Academy, in Colorado Springs, Colorado;

WHEREAS, EPA inspections conducted at the Sites on May 5, 2008, July 24, 2008, April 28, 2009, and May 19, 2009, revealed numerous violations of the terms and conditions of the NPDES permit (certification number COR10000F) issued to Hunt Building;

WHEREAS, in response to these violations, EPA issued to Hunt Building an Order for Compliance on July 3, 2008 and an Amended Order for Compliance on August 22, 2008;

WHEREAS, Hunt Building does not admit any alleged violations or liability to the United States arising out of the transactions or occurrences alleged in the Complaint or any other violation of the Clean Water Act, the Order for Compliance, or the Amended Order for Compliance;

WHEREAS, the United States and Hunt Building agree that settlement of the United States' claims against Hunt Building, without further litigation, is in the public interest;

WHEREAS, the Parties further agree that the Court's approval of this Stipulation and Order ("Stipulation") is an appropriate means of resolving the claims in this action;

NOW THEREFORE, before the taking of any testimony, without adjudication or admission of any issue of fact or law, except as provided in Paragraphs 1-3, below, and with the consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED, AND DECREED as follows:

1. This Court has jurisdiction over the parties to, and the subject matter of, this action pursuant to 28 U.S.C. §§ 1331, 1345, and 1355 and Section 33 U.S.C. § 1319.

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1395(a) and 33 U.S.C. § 1319(b), because it is the judicial district where Hunt Building conducts business and where the alleged violations occurred.

3. Hunt Building waives service of process in accordance with the requirements set forth in the Federal Rules of Civil Procedure. Hunt Building will not be required to respond to the Complaint filed in conjunction with this Stipulation.

4. Hunt Building shall, within 30 days of the date this Stipulation is entered by the Court, pay to the United States a civil penalty in the total amount of three hundred and ten thousand dollars ($310,000.00), together with interest accruing from the date on which the Stipulation is entered by the Court, at the statutory judgment rate established by 28 U.S.C. § 1961. The applicable rate of interest shall be the rate in effect at the time the interest accrues.

5. The payment shall be made by FedWire Electronic Funds Transfer ("EFT") in accordance with current electronic funds transfer procedures and reference DOJ Case No. 90-5-1-1-10123. The payment shall be made in accordance with instructions provided to Hunt Building by the Financial Litigation Unit ("FLU") of the United States Attorney's Office for the District of Colorado. Upon payment, Hunt Building shall provide written notice of payment and a copy of any transmittal documentation to the United States as provided below:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611

Chief, NPDES Enforcement Unit
Office of Enforcement, Compliance and Environmental Justice
U.S. Environmental Protection Agency, Region 8
1595 Wynkoop Street
Denver, CO 80202-1129
Attn: Gwen Campbell (8ENF-W-NP)

(303) 312-6463

EPA Cincinnati Finance Center
26 Martin Luther King Drive
Cincinnati, Ohio 45268

and by email to acctsreceivable.CINWD@epa.gov. The notice of payment shall reference the civil action number that the Court assigns to the case and DOJ Case No. 90-5-1-1-10123.

6. If the civil penalty is not fully paid within 30 days of the date this Stipulation is entered by the Court, Hunt Building shall pay a stipulated penalty of one thousand dollars ($1,000) per day for each day that the payment is delayed beyond the due date. Interest shall continue to accrue on the unpaid balance of the civil penalty at the statutory judgment rate established by 28 U.S.C. § 1961. Stipulated penalties are due and payable within 30 days of the date of the demand for payment of the penalties by the United States. Penalties shall accrue as provided in this Paragraph regardless of whether the United States has notified Hunt Building of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment.

7. All payments required by this Stipulation are penalties within the meaning of Section 162(f) of the Internal Revenue Code, 26 U.S.C. § 162(f), and are not a tax deductible expenditure for purposes of federal law.

8. The payment by Hunt Building under this Stipulation shall resolve the civil claims of the United States for the violations alleged in the Complaint.

9. The United States covenants not to sue or take administrative action against Hunt Building pursuant to Section 309 of the Clean Water Act, 33 U.S.C. § 1319, for any civil violations alleged in the Complaint.

4

10. The United States reserves, and this Stipulation is without prejudice to, all rights against Hunt Building with respect to all other matters not addressed in Paragraphs 8 and 9 above, including, but not limited to, any criminal liability.

11. Nothing in this Stipulation shall be construed to release Hunt Building or its agents, successors, or assigns from their respective obligations to comply with any applicable federal, state, or local law, regulation, or permit. Nothing contained herein shall be construed to prevent or limit the United States' rights to seek penalties or injunctive relief for any violations of federal law other than those expressly addressed in Paragraphs 8 and 9, above.

12. This Stipulation shall be lodged with the Court for a period of not less than 30 days for public notice and comment in accordance with 28 C.F.R. § 50.7. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Stipulation disclose facts or considerations indicating that the Stipulation is inappropriate, improper, or inadequate. Hunt Building consents to entry of this Stipulation without further notice and agrees not to withdraw from or oppose entry of this Stipulation by the Court or to challenge any provision of the Stipulation, unless the United States has notified Hunt Building in writing that it no longer supports entry of the Stipulation.

13. This Stipulation shall constitute an enforceable judgment for purposes of post-judgment collection in accordance with Rule 69 of the Federal Rules of Civil Procedure, the Federal Debt Collection Procedure Act, 28 U.S.C. §§ 3001-3308, and other applicable authority. The United States shall be deemed a judgment creditor for purposes of collection of any unpaid amounts of the civil and stipulated penalties and interest. Further, Hunt Building shall be liable for attorney's fees and costs incurred by the United States in any litigation to collect any amounts due under this Stipulation but not paid by Hunt Building.

14. Each party shall bear its own costs and attorney's fees in this matter, except as provided in Paragraph 13, above.

15. The undersigned representative of Hunt Building and the Acting Assistant Attorney General of the Environment and Natural Resources Division or his or her designee each certify that he or she is fully authorized to enter into the terms and conditions of this Stipulation and to execute and legally bind Hunt Building and the United States respectively, to it.

SO ORDERED THIS __28th__ DAY OF __October__, 20__14__.

~~United States District Judge~~
~~District of Colorado~~
Craig B. Shaffer
United States Magistrate Judge

6

THE UNDERSIGNED PARTIES enter into this Stipulation and Order in the matter of <u>United States v. Hunt Building Co., Ltd.</u>

**FOR THE UNITED STATES OF AMERICA:**

DATE: 8/6/14

_____
NATHANIEL DOUGLAS
Deputy Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice

_____
STACY D. COLEMAN
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044
(202) 305-0302 (voice)
(202) 616-2427 (fax)
stacy.coleman@usdoj.gov

7

THE UNDERSIGNED PARTIES enter into this Stipulation and Order in the matter of <u>United States v. Hunt Building Co., Ltd.</u>

**FOR THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY:**

DATE: 01/21/2014

EDDIE A. SIERRA
Acting Assistant Regional Administrator
Office of Enforcement, Compliance and
   Environmental Justice
U.S. Environmental Protection Agency, Region 8
1595 Wynkoop Street
Denver, Colorado 80202


OF COUNSEL:

MARGARET J. (PEGGY) LIVINGSTON
Senior Enforcement Attorney
Legal Enforcement Program
Office of Enforcement, Compliance and
   Environmental Justice
U.S. Environmental Protection Agency, Region 8
1595 Wynkoop Street
Denver, Colorado 80202

8

THE UNDERSIGNED PARTIES enter into this Stipulation and Order in the matter of <u>United States v. Hunt Building Co., Ltd.</u>

**FOR HUNT BUILDING COMPANY, LTD:**

DATE: 7/17/14

*/s/ Kara Harchuck*
KARA HARCHUCK
Executive Vice President, General Counsel
Hunt Building Company, Ltd.
4401 North Mesa
El Paso, Texas 79902-1107

9